# EXHIBIT A

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

SPARKLES WAGES,                                  )
                                                 )
          Plaintiff,                             )
                                                 )          2014L009475
                                                 )          CALENDAR/ROOM D
          v.                                     )  No.:    TIME 00:00
                                                 )          Medical Malpractice
MOUNT SINAI HOSPITAL MEDICAL                     )
CENTER OF CHICAGO, SINAI HEALTH                  )  **Plaintiff Demands Trial by Jury**
SYSTEM, CARLOS SANDOVAL-HERRERA,                 )
MD, THE MOUNT SINAI COMMUNITY                    )
FOUNDATION, d/b/a SINAI MEDICAL                  )
GROUP, and ACCESS COMMUNITY                      )
HEALTH NETWORK,                                  )
                                                 )
          Defendants.                            )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, SPARKLES WAGES, by and through her attorneys, the

LAW OFFICES OF STEPHANIE K. NATHANSON, and complains against the

Defendants, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, SINAI

HEALTH SYSTEM, CARLOS SANDOVAL-HERRERA, MD, THE MOUNT SINAI

COMMUNITY FOUNDATION, d/b/a SINAI MEDICALGROUP, and ACCESS

COMMUNITY HEALTH NETWORK, pleading hypothetically and in the alternative,

and alleges as follows:

### COUNT I
**MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO - NEGLIGENCE**

1.      On or about September 10, 2012, and continuing through December 3, 2012,

defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO was

1

incorporated in the State of Illinois, and engaged in the business of offering medical care and treatment to persons in the condition of the Plaintiff, SPARKLES WAGES.

2.     On or about September 10, 2012, and continuing through December 3, 2012, defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO was a full service hospital licensed by the State of Illinois, and held itself out to the general public as a hospital, properly skilled in the care and treatment of persons in the condition of plaintiff SPARKLES WAGES.

3.     On or about September 10, 2012, and continuing through December 3, 2012, defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO had various employees and/or actual or apparent agents specializing in various areas of medicine while providing medical care and treatment to plaintiff SPARKLES WAGES.

4.     Plaintiff SPARKLES WAGES presented to defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO on or about September 10, 2012, and thereafter, for medical treatment.

5.     Plaintiff SPARKLES WAGES was treated by defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO from June 21, 2012, and prior thereto, through December 3, 2012, and thereafter.

6.     On or about September 10. 2012, and thereafter, health care personnel, doctors, residents including but not limited to Carlos Sandoval-Herrera, M.D., of THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL

2

GROUP and/or ACCESS COMMUNITY HEALTH NETWORK, Shumal Malepati, MD, nurses including but not limited to Elizabeth E. Reynoso, RN, technicians including but not limited to Jason Allawan, staff, and aides were employees, servants agents and/or apparent agents of defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and were under the direction, supervision and/or control of MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.

7.   It then and there became the duty of defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, through its agents, apparent agents, employees, and servants, to act like a reasonably well qualified health care personnel of the same or similar training would act in the same or similar circumstances.

8.   On or about September 4, 2012, plaintiff SPARKLES WAGES underwent a MRI with and without contrast of her pelvis at Mount Sinai Hospital due to a clinical history of fibroids.

9.   A 5.5 cm by 5.4 cm by 9.4 cm myometrial mass was visualized arising from the posterior wall of SPARKLES WAGES' uterus on the aforesaid MRI which was consistent with an intra myometrial uterine fibroid.

10.   On or about September 10, 2012, plaintiff SPARKLES WAGES underwent a hand-assisted laparoscopic myomectomy, laparoscopic lysis adhesions, and chromotubation procedure at MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and performed by CARLOS SANDOVAL-HERRERA.

11.     The aforesaid procedure was performed utilizing a Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm.

12.     Also present in the procedure were Shumal Malepati, MD, assistant; Elizabeth E. Reynoso, RN; Ninfa H. Osunero, RN; Jason Allawan, certified surgical tech; and Ahmed Mahammed, MS3; medical student.

13.     Following the aforesaid procedure on September 10, 2012, Jason Allawan and Elizabeth Reynoso, RN performed post-surgical instrument counts, including counts of instruments, sponges, needles, blades, and bovie tips.

14.     On or about September 11, 2012, CAROLS SANDOVAL-HERRERA, MD assessed SPARKLES WAGES at MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO and discharged her home with instructions to follow up with him in approximately one week.

15.     On or about September 17, 2012, plaintiff SPARKLES WAGES was seen at ACCESS COMMUNITY HEALTH NETWORK with complaints of pain and vaginal bleeding, and was discharged home with instructions to return if her symptoms persisted or worsened.

16.     On or about September 19, 2012, plaintiff SPARKLES WAGES was seen by CARLOS SANDOVAL-HERRRERA, M.D. at ACCESS COMMUNITY HEALTH NETWORK for follow-up evaluation and treatment with continued complaints of pain and was counseled in healthy lifestyle and nutritional advice, and was discharged with instructions to follow up in four weeks.

4

17.     On or about October 22, 2012, plaintiff SPARKLES WAGES returned to ACCESS COMMUNITY HEALTH NETWORK with continued complaints of pain and vaginal discharge, where she was given a screening for sexually transmitted diseases, diagnosed with bacterial vaginosis, given a prescription for Flagyl, and discharged with instructions to return in approximately one month.

18.     On or about November 21, 2012, plaintiff SPARKLES WAGES returned to ACCESS COMMUNITY HEALTH NETWORK with continued complaints of pain and vaginal discharge and was discharged home with instructions to undergo an ultrasound.

19.     On or about December 3, 2012, plaintiff SPARKLES WAGES was seen at MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO where she underwent a pelvic transabdominal and transvaginal ultrasound, and was diagnosed with an enlarged uterus.

20.     On or about December 15, 2012, plaintiff SPARKLES WAGES presented to the Mercy Hospital emergency department with severe pain in her abdomen, legs, foul smelling vaginal discharge, vaginal bleeding, and constipation.

21.     On or about December 15, 2012, at Mercy Hospital emergency department, a vaginal cervical cap foreign body used during the plaintiff's September 10, 2012, surgical procedure was visualized on a pelvic exam.

22.     On or about December 17, 2012, the plaintiff returned to Mercy Hospital emergency department where the retained foreign body, Cooper Surgical cervical cap used in the September 10, 2012, surgery was removed successfully.

23.     On or about December 17, 2012, plaintiff SPARKLES WAGES was diagnosed at Mercy Hospital with cervicitis/vaginitis and was discharged with antibiotics.

24.     On or about December 28, 2012, plaintiff SPARKLES WAGES was seen at a Mercy Hospital Clinic with complaints of pain, itching, and vaginal discharge, where she was diagnosed with a vaginal infection and was discharged with antibiotics.

25.     On or about March 17, 2013, plaintiff SPARKLES WAGES was seen at Northwestern Memorial Hospital emergency department with complaints of severe and increasing abdominal pain, cramping, vaginal spotting, and burning sensation inside her vagina.

26.   At all times relevant herein, CARLOS SANDOVAL-HERRERA, SHUMAL MALEPATI, MD, assistant; Elizabeth E. Reynoso, RN; Ninfa H. Osunero, RN; Jason Allawan, certified surgical tech; and Ahmed Mahammed, MS3; medical student, and each of them, were actual and/or apparent agents and/or employee of defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.

27.   At all times relevant herein, Defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO held CARLOS SANDOVAL-HERRERA, SHUMAL MALEPATI, MD, assistant; Elizabeth E. Reynoso, RN; Ninfa H. Osunero, RN; Jason

6

Allawan, certified surgical tech; and Ahmed Mahammed, MS3; medical student, and each of them, out to the community and to the plaintiff as actual and/or apparent agents.

29.   At all times relevant herein, CARLOS SANDOVAL-HERRERA, SHUMAL MALEPATI, MD, assistant; Elizabeth E. Reynoso, RN; Ninfa H. Osunero, RN; Jason Allawan, certified surgical tech; and Ahmed Mahammed, MS3; medical student and each of their care of the plaintiff, was within the scope of his or her duties as an employees and actual and/or apparent agents of defendant MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO.

30.   After assuming care of plaintiff SPARKLES WAGES, Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, by and though their agents apparent agents, and employees, committed one or more of the following acts or omissions:

(a) Failed to properly inspect that all surgical equipment was removed from SPARKLES WAGES' body and perform an equipment count and check;

(b) Failed to timely and properly recognize that part of the surgical tool/equipment was left inside of SPARKLES" WAGES body;

(c) Failed to timely recognize that a piece of the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm was left inside SPARKLES WAGES' body;

(d) Failed to properly perform surgery;

(e) Failed to inspect the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm after it was removed from SPARKLES WAGES to ensure it was intact;

7

(f) Failed to properly and timely diagnose SPARLES WAGES' symptoms and complaints were caused by the Cooper Surgical cervical cap or surgical tool part left inside her body;

(g) Failed to perform appropriate diagnostic tests to determine the cause of SPARKLES WAGES' symptoms and complaints;

(h) Failed to timely treat SPARKLES WAGES" post-surgical complications and symptoms;

(i) Failed to remove the Cooper Surgical cervical cap or surgical tool part left inside SPARKLES WAGES' body;

(j) Negligently performed an unnecessary surgery;

(k) Failed to properly utilize the Cooper Surgical KOH Cup during surgery; and

(l) Failed to properly treat SPARKLES WAGES.

31.     That as a direct or proximate result of one or more of the foregoing acts and/or omissions, plaintiff SPARKLES WAGES suffered severe and permanent injuries; that as a consequence thereof SPARKLES WAGES has suffered and in will in the future suffer great pain and mental anguish and loss of a normal life; that in addition thereto, SPARKLES WAGES has incurred and will in the future incur reasonable and necessary medical expenses endeavoring to treat said injuries, and has otherwise been damaged in a pecuniary way.

32.     On or about December 15, 2012, plaintiff SPARKLES WAGES was informed for the first time that a retained foreign body from her September 10, 2012, surgery was present in or around her vagina.

33.    Therefore, December 15, 2012, was the first time plaintiff SPARKLES WAGES knew or should have known that defendants had left a foreign body in her from her September 10, 2012, surgery, act for which she seeks damages.

WHEREFORE, Plaintiff, SPARKLES WAGES demands judgment against Defendant, MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO, for a sum of money in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with the costs and interest of bringing this action.

## COUNT II
## SINAI HEALTH SYSTEM
## NEGLIGENCE

1.    On or about September 10, 2012, and continuing through December 3, 2012, defendant SINAI HEALTH SYSTEM was incorporated in the State of Illinois, and engaged in the business of offering medical care and treatment to persons in the condition of the Plaintiff, SPARKLES WAGES.

2.    On or about September 10, 2012, and continuing through December 3, 2012, defendant SINAI HEALTH SYSTEM was a full service hospital licensed by the State of Illinois, and held itself out to the general public as a hospital, properly skilled in the care and treatment of persons in the condition of plaintiff SPARKLES WAGES.

3.    On or about September 10, 2012, and continuing through December 3, 2012, defendant SINAI HEALTH SYSTEM had various employees and/or actual or apparent agents specializing in various areas of medicine while providing medical care and treatment to plaintiff SPARKLES WAGES.

9

4.    Plaintiff SPARKLES WAGES presented to defendant SINAI HEALTH
SYSTEM on or about September 10, 2012, and thereafter, for medical treatment.

5.    Plaintiff SPARKLES WAGES was treated by defendant SINAI HEALTH
SYSTEM from June 21, 2012, and prior thereto, through December 3, 2012, and
thereafter.

6.    On or about September 10. 2012, and thereafter, health care personnel,
doctors, residents including but not limited to Carlos Sandoval-Herrera, M.D., of
THE MOUNT SINAI COMMUNITY FOUNDATION, d/b/a SINAI MEDICAL
GROUP and/or ACCESS COMMUNITY HEALTH NETWORK, Shumal Malepati,
MD, nurses including but not limited to Elizabeth E. Reynoso, RN, technicians
including but not limited to Jason Allawan, staff, and aides were employees, servants
agents and/or apparent agents of defendant SINAI HEALTH SYSTEM and were
under the direction, supervision and/or control of SINAI HEALTH SYSTEM.

7.    It then and there became the duty of defendant SINAI HEALTH SYSTEM,
through its agents, apparent agents, employees, and servants, to act like a reasonably
well qualified health care personnel of the same or similar training would act in the
same or similar circumstances.

8.    On or about September 4, 2012, plaintiff SPARKLES WAGES underwent a
MRI with and without contrast of her pelvis at Mount Sinai Hospital due to a clinical
history of fibroids.

9.   A 5.5 cm by 5.4 cm by 9.4 cm myometrial mass was visualized arising from the posterior wall of SPARKLES WAGES' uterus on the aforesaid MRI which was consistent with an intra myometrial uterine fibroid.

10.   On or about September 10, 2012, plaintiff SPARKLES WAGES underwent a hand-assisted laparoscopic myomectomy, laparoscopic lysis adhesions, and chromotubation procedure at SINAI HEALTH SYSTEM and performed by CARLOS SANDOVAL-HERRERA.

11.   The aforesaid procedure was performed utilizing a Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm.

12.   Also present in the procedure were Shumal Malepati, MD, assistant; Elizabeth E. Reynoso, RN; Ninfa H. Osunero, RN; Jason Allawan, certified surgical tech; and Ahmed Mahammed, MS3; medical student.

13.   Following the aforesaid procedure on September 10, 2012, Jason Allawan and Elizabeth Reynoso, RN performed post-surgical instrument counts, including counts of instruments, sponges, needles, blades, and bovie tips.

14.   On or about September 11, 2012, CAROLS SANDOVAL-HERRERA, MD assessed SPARKLES WAGES at SINAI HEALTH SYSTEM and discharged her home with instructions to follow up with him in approximately one week.

15.   On or about September 17, 2012, plaintiff SPARKLES WAGES was seen at ACCESS COMMUNITY HEALTH NETWORK with complaints of pain and vaginal

11

bleeding, and was discharged home with instructions to return if her symptoms persisted or worsened.

16.     On or about September 19, 2012, plaintiff SPARKLES WAGES was seen by CARLOS SANDOVAL-HERRRERA, M.D. at ACCESS COMMUNITY HEALTH NETWORK for follow-up evaluation and treatment with continued complaints of pain and was counseled in healthy lifestyle and nutritional advice, and was discharged with instructions to follow up in four weeks.

17.     On or about October 22, 2012, plaintiff SPARKLES WAGES returned to ACCESS COMMUNITY HEALTH NETWORK with continued complaints of pain and vaginal discharge, where she was given a screening for sexually transmitted diseases, diagnosed with bacterial vaginosis, given a prescription for Flagyl, and discharged with instructions to return in approximately one month.

18.     On or about November 21, 2012, plaintiff SPARKLES WAGES returned to ACCESS COMMUNITY HEALTH NETWORK with continued complaints of pain and vaginal discharge and was discharged home with instructions to undergo an ultrasound.

19.     On or about December 3, 2012, plaintiff SPARKLES WAGES was seen at SINAI HEALTH SYSTEM where she underwent a pelvic transabdominal and transvaginal ultrasound, and was diagnosed with an enlarged uterus.

20.     On or about December 15, 2012, plaintiff SPARKLES WAGES presented to the Mercy Hospital emergency department with severe pain in her abdomen, legs, foul smelling vaginal discharge, vaginal bleeding, and constipation.

21.     On or about December 15, 2012, at Mercy Hospital emergency department, a vaginal cervical cap foreign body used during the plaintiff's September 10, 2012, surgical procedure was visualized on a pelvic exam.

22.     On or about December 17, 2012, the plaintiff returned to Mercy Hospital emergency department where the retained foreign body, Cooper Surgical cervical cap used in the September 10, 2012, surgery was removed successfully.

23.     On or about December 17, 2012, plaintiff SPARKLES WAGES was diagnosed at Mercy Hospital with cervicitis/vaginitis and was discharged with antibiotics.

24.     On or about December 28, 2012, plaintiff SPARKLES WAGES was seen at a Mercy Hospital Clinic with complaints of pain, itching, and vaginal discharge, where she was diagnosed with a vaginal infection and was discharged with antibiotics.

25.     On or about March 17, 2013, plaintiff SPARKLES WAGES was seen at Northwestern Memorial Hospital emergency department with complaints of severe and increasing abdominal pain, cramping, vaginal spotting, and burning sensation inside her vagina.

26.     At all times relevant herein, CARLOS SANDOVAL-HERRERA, SHUMAL MALEPATI, MD, assistant; Elizabeth E. Reynoso, RN; Ninfa H. Osunero, RN; Jason Allawan, certified surgical tech; and Ahmed Mahammed, MS3; medical student, and each of them, were actual and/or apparent agents and/or employee of defendant SINAI HEALTH SYSTEM.

27.     At all times relevant herein, Defendant SINAI HEALTH SYSTEM held CARLOS SANDOVAL-HERRERA, SHUMAL MALEPATI, MD, assistant; Elizabeth E. Reynoso, RN; Ninfa H. Osunero, RN; Jason Allawan, certified surgical tech; and Ahmed Mahammed, MS3; medical student, and each of them, out to the community and to the plaintiff as actual and/or apparent agents.

28.     At all times relevant herein, CARLOS SANDOVAL-HERRERA, SHUMAL MALEPATI, MD, assistant; Elizabeth E. Reynoso, RN; Ninfa H. Osunero, RN; Jason Allawan, certified surgical tech; and Ahmed Mahammed, MS3; medical student and each of their care of the plaintiff, was within the scope of his or her duties as an employees and actual and/or apparent agents of defendant SINAI HEALTH SYSTEM.

29.     After assuming care of plaintiff SPARKLES WAGES, Defendant, SINAI HEALTH SYSTEM, by and though their agents apparent agents, and employees, committed one or more of the following acts or omissions:

      (a) Failed to properly inspect that all surgical equipment was removed from SPARKLES WAGES' body and perform an equipment count and check;

14

(b) Failed to timely and properly recognize that part of the surgical tool/equipment was left inside of SPARKLES" WAGES body;

(c) Failed to timely recognize that a piece of the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm was left inside SPARKLES WAGES' body;

(d) Failed to properly perform surgery;

(e) Failed to inspect the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm after it was removed from SPARKLES WAGES to ensure it was intact;

(f) Failed to properly and timely diagnose SPARLES WAGES' symptoms and complaints were caused by the Cooper Surgical cervical cap or surgical tool part left inside her body;

(g) Failed to perform appropriate diagnostic tests to determine the cause of SPARKLES WAGES' symptoms and complaints;

(h) Failed to timely treat SPARKLES WAGES" post-surgical complications and symptoms;

(i) Failed to remove the Cooper Surgical cervical cap or surgical tool part left inside SPARKLES WAGES' body;

(j) Negligently performed an unnecessary surgery;

(k) Failed to properly utilize the Cooper Surgical KOH Cup during surgery; and

(l) Failed to properly treat SPARKLES WAGES.

30.    That as a direct or proximate result of one or more of the foregoing acts and/or omissions, plaintiff SPARKLES WAGES suffered severe and permanent injuries; that as a consequence thereof SPARKLES WAGES has suffered and in will in the future suffer great pain and mental anguish and loss of a normal life; that in

addition thereto, SPARKLES WAGES has incurred and will in the future incur reasonable and necessary medical expenses endeavoring to treat said injuries, and has otherwise been damaged in a pecuniary way.

31.     On or about December 15, 2012, plaintiff SPARKLES WAGES was informed for the first time that a retained foreign body from her September 10, 2012, surgery was present in or around her vagina.

32.     December 15, 2012, was the first time plaintiff SPARKLES WAGES knew or should have known that defendants had left a foreign body in her from her September 10, 2012, surgery, for which she seeks damages.

WHEREFORE, Plaintiff, SPARKLES WAGES demands judgment against Defendant, SINAI HEALTH SYSTEM, for a sum of money in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with the costs and interest of bringing this action.

## COUNT III
## CARLOS SANDOVAL-HERRERA and ACCESS COMMUNITY HEALTH NETWORK
## NEGLIGENCE

1-25.     Plaintiff hereby readopts and re-alleges paragraphs one through twenty-five (1-25) of Count I as paragraphs one through twenty-five (1-25) of Count III, as though fully set forth herein.

26.     At all times relevant herein, CARLOS SANDOVAL-HERRERA, was the actual and/or apparent agents and/or employee of defendant ACCESS COMMUNITY HEALTH NETWORK.

16

27. At all times relevant herein, Defendant ACCESS COMMUNITY HEALTH NETWORK held CARLOS SANDOVAL-HERRERA, out to the community and to the plaintiff as actual and/or apparent agents.

28. At all times relevant herein, CARLOS SANDOVAL-HERRERA, in his care of the plaintiff, was within the scope of his duties as an employee and actual and/or apparent agent of defendant ACCESS COMMUNITY HEALTH NETWORK.

29. After assuming care of plaintiff SPARKLES WAGES, Defendants, CARLOS SANDOVAL-HERRERA, individually and as agent of ACCESS COMMUNITY HEALTH NETWORK, by and though their agents apparent agents, and employees, committed one or more of the following acts or omissions:

   (a) Failed to properly inspect that all surgical equipment was removed from SPARKLES WAGES' body and perform an equipment count and check;

   (a) Failed to timely and properly recognize that part of the surgical tool/equipment was left inside of SPARKLES" WAGES body;

   (b) Failed to timely recognize that a piece of the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm was left inside SPARKLES WAGES' body;

   (c) Failed to properly perform surgery;

   (d) Failed to inspect the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm after it was removed from SPARKLES WAGES to ensure it was intact;

   (e) Failed to properly and timely diagnose SPARLES WAGES' symptoms and complaints were caused by the Cooper Surgical cervical cap or surgical tool part left inside her body;

   (f) Failed to perform appropriate diagnostic tests to determine the cause of SPARKLES WAGES' symptoms and complaints;

(g) Failed to timely treat SPARKLES WAGES" post-surgical complications and symptoms;

(h) Failed to remove the Cooper Surgical cervical cap or surgical tool part left inside SPARKLES WAGES' body;

(i) Negligently performed an unnecessary surgery;

(j) Failed to properly utilize the Cooper Surgical KOH Cup during surgery; and

(k) Failed to properly treat SPARKLES WAGES.

30. That as a direct or proximate result of one or more of the foregoing acts and/or omissions, plaintiff SPARKLES WAGES suffered severe and permanent injuries; that as a consequence thereof SPARKLES WAGES has suffered and in will in the future suffer great pain and mental anguish and loss of a normal life; that in addition thereto, SPARKLES WAGES has incurred and will in the future incur reasonable and necessary medical expenses endeavoring to treat said injuries, and has otherwise been damaged in a pecuniary way.

31. On or about December 15, 2012, plaintiff SPARKLES WAGES was informed for the first time that a retained foreign body from her September 10, 2012, surgery was present in or around her vagina.

32. December 15, 2012, was the first time plaintiff SPARKLES WAGES knew or should have known that defendants had left a foreign body in her from her September 10, 2012, surgery, for which she seeks damages.

WHEREFORE, Plaintiff, SPARKLES WAGES demands judgment against

Defendant, SINAI HEALTH SYSTEM, for a sum of money in excess of the jurisdictional limits of the Law Division of the Circuit Court of Cook County, Illinois, together with the costs and interest of bringing this action.

**COUNT IV**
**THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI MEDICAL GROUP- NEGLIGENCE**

1-25.    Plaintiff hereby readopts and re-alleges paragraphs one through twenty-five (1-25) of Count I as paragraphs one through twenty-five (1-25) of Count III, as though fully set forth herein.

26.    At all times relevant herein, CARLOS SANDOVAL-HERRERA, was the actual and/or apparent agents and/or employee of defendant THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI MEDICAL GROUP.

27.    At all times relevant herein, Defendant THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI MEDICAL GROUP held CARLOS SANDOVAL-HERRERA, out to the community and to the plaintiff as actual and/or apparent agents.

28.    At all times relevant herein, CARLOS SANDOVAL-HERRERA, in his care of the plaintiff, was within the scope of his duties as an employee and actual and/or apparent agent of defendant THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI MEDICAL GROUP.

29.    After assuming care of plaintiff SPARKLES WAGES, Defendant, THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI MEDICAL GROUP, by

19

and though their agents apparent agents, and employees, committed one or more of

the following acts or omissions:

(a) Failed to properly inspect that all surgical equipment was removed from SPARKLES WAGES' body and perform an equipment count and check;

(b) Failed to timely and properly recognize that part of the surgical tool/equipment was left inside of SPARKLES" WAGES body;

(c) Failed to timely recognize that a piece of the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm was left inside SPARKLES WAGES' body;

(d) Failed to properly perform surgery;

(e) Failed to inspect the Cooper Surgical KOH Cup, model number KCS-85, 3.5 cm after it was removed from SPARKLES WAGES to ensure it was intact;

(f) Failed to properly and timely diagnose SPARLES WAGES' symptoms and complaints were caused by the Cooper Surgical cervical cap or surgical tool part left inside her body;

(g) Failed to perform appropriate diagnostic tests to determine the cause of SPARKLES WAGES' symptoms and complaints;

(h) Failed to timely treat SPARKLES WAGES" post-surgical complications and symptoms;

(i) Failed to remove the Cooper Surgical cervical cap or surgical tool part left inside SPARKLES WAGES' body;

(j) Negligently performed an unnecessary surgery;

(k) Failed to properly utilize the Cooper Surgical KOH Cup during surgery; and

(l) Failed to properly treat SPARKLES WAGES.

30.    That as a direct or proximate result of one or more of the foregoing acts and/or omissions, plaintiff SPARKLES WAGES suffered severe and permanent injuries; that as a consequence thereof SPARKLES WAGES has suffered and in will in the future suffer great pain and mental anguish and loss of a normal life; that in addition thereto, SPARKLES WAGES has incurred and will in the future incur reasonable and necessary medical expenses endeavoring to treat said injuries, and has otherwise been damaged in a pecuniary way.

31.    On or about December 15, 2012, plaintiff SPARKLES WAGES was informed for the first time that a retained foreign body from her September 10, 2012, surgery was present in or around her vagina.

32.    December 15, 2012, was the first time plaintiff SPARKLES WAGES knew or should have known that defendants had left a foreign body in her from her September 10, 2012, surgery, for which she seeks damages.

21

WHEREFORE, Plaintiff, SPARKLES WAGES demands judgment against

Defendant, THE MOUNT SINAI COMMUNITY FOUNDATION d/b/a SINAI

MEDICAL GROUP, for a sum of money in excess of the jurisdictional limits of the Law

Division of the Circuit Court of Cook County, Illinois, together with the costs and

interest of bringing this action.


Respectfully submitted,

LAW OFFICES OF STEPHANIE K. NATHANSON

By: _____

One of Plaintiff's Attorneys


Stephanie K. Nathanson
LAW OFFICES OF STEPHANIE K. NATHANSON
211 W. Wacker Drive, Suite 1000
Chicago, Illinois 60606
312-263-9090
312-277-9099 (facsimile)
Attorney Number 56412

22